UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRACY COITEUX,<br><br>　　　　　Defendant. | CASE NO. CR21-5184 BHS<br><br>ORDER |

This matter is before the Court on Defendant Tracy Coiteux's motion for acquittal, or in the alternative, for a new trial. Dkt. 199. The Court concludes that the criminal charges underlying the conviction are proper, it rejects her renewed objections to rulings during trial, and it determines sufficient evidence supports the jury's conviction. Her motion is denied.

ORDER - 1

## I. BACKGROUND

In May 2024, a jury convicted Tracy Coiteux of Conspiracy to Violate the Clean Air Act (CAA)[1] and with eleven substantive violations of the CAA.[2] Dkt. 192. The convictions resulted from evidence that Coiteux and her husband routinely directed employees of their company, Racing Performance Maintenance Northwest, to remove federally required pollution control hardware from diesel trucks and tamper with the On-Board Diagnostic (OBD) devices to prevent them from recognizing the removal.

Before trial, Coiteux moved to dismiss the indictment. Dkt. 138. She argued that the CAA's Subchapter II provides exclusively civil penalties for tampering with OBDs in mobile pollution sources like diesel powered vehicles, and that the Court therefore lacked jurisdiction over the claims. Dkt. 138. She additionally argued that an OBD is not a "monitoring device" for purposes of the CAA tampering provision.

The Court rejected each of her arguments. Dkt. 151. It determined that the CAA's criminal sanctions facially apply to any person who tampers with any monitoring device required under the entire CAA as a matter of law. *Id*. at 5. And it concluded that an OBD is a monitoring device as a matter of law. *Id*. at 6–7.

Coiteux moved for acquittal both at the close of the Government's case and the close of all the evidence. Dkt. 199 at 2. The Court denied both oral motions. She moves again for acquittal or, in the alternative, for a new trial pursuant to Federal Rule of

---

[1] 18 U.S.C. § 371

[2] All eleven in violation of 18 U.S.C. § 7413(c)(2)(C).

Criminal Procedure 29. Dkt. 199. She acknowledges that "[m]ost of the issues raised in [her] motion have been previously addressed" apart from her assertion that the Government made improper arguments in its closing. *Id*. at 1. Her motion primarily repeats the argument that the CAA does not permit criminal sanctions for her conduct and asserts that the question of whether an OBD is a monitoring device should have gone to the jury. The Court rejects each of her grounds for a new trial for the reasons explained below.

## II.  DISCUSSION

Rule 29(c) provides that if the government failed to present sufficient evidence to sustain a conviction, the Court must enter a judgment of acquittal. "Sufficient evidence is that which, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Miller*, 953 F.3d 1095, 1108 (9th Cir. 2020) (internal quotation marks omitted). Review of the jury's verdict is "highly deferential." *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007). If the factual evidence supports conflicting inferences, the Court must presume the jury resolved any such conflicts in favor of the prosecution and defer to that resolution. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). The Court is additionally "powerless to question a jury's assessment of witnesses' credibility." *United States v. Croft*, 124 F.3d 1109, 1125 (9th Cir. 1997) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)).

Federal Rule of Criminal Procedure 33 permits the Court to grant a new trial "if the interest of justice so requires." A motion for a new trial should only be granted "in an

exceptional case in which the evidence weighs heavily against the verdict." *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985).

**A.    The criminal charges underlying Coiteux's convictions are cognizable under the CAA**

Coiteux renews her argument that the CAA does not allow the Government to bring criminal charges for her conduct but rather is limited to only civil penalties. Dkt. 199 at 2. She emphasizes that shortly before the complained of conduct at her auto shop, the EPA began a "dramatic change in EPA interpretation and enforcement of the CAA" which encouraged criminal prosecution for tampering with monitoring devices. *Id*. at 8. She asserts that "this novel interpretation of the law is not one that a repair shop co-owner would be expected to be aware of, let alone grasp" and that the Court therefore should vacate the convictions or at "the very least" apply the rule of lenity. *Id*. at 8–9.

The Court disagrees. Her arguments mirror those in her original motion to dismiss, Dkt. 138, and the Court rejects them for the same reasons explained in its order, Dkt. 151 at 4–6. In the interest of brevity, the Court incorporates by reference its analysis of the CAA in its previous order. *See* Dkt. 151 at 4–6. It reiterates that the CAA's criminal sanctions facially apply to any person who tampers with any monitoring device required under the entire CAA—including any monitoring device required under Subchapter II. The EPA has discretion to engage in a civil enforcement, criminal enforcement, or both for the challenged conduct under the CAA. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

### B. The Court properly concluded that an OBD is a monitoring device as a matter of law

Coiteux argues that the Court erred in concluding that the OBD is a monitoring device as a matter of law rather than letting the question go to the jury. Dkt. 199 at 4. She asserts that jury instruction 19, which defined an OBD as a monitoring device, "violated her right to have a jury decide all elements of the crime." *Id*. Relatedly, she argues that the Court unfairly prevented her expert "from offering his opinion reaching the opposite conclusion." *Id*. She argues further that, "the Jury should have been required to find that the defendant, in order to be found guilty, had to know that the OBD was a monitoring device required to be maintained under the CAA" and that the Court erred in rejecting proposed jury instructions to that effect. *Id*. at 6.

The Court rejects her arguments. Coiteux conceded that the issue of whether an OBD is a "monitoring device" under the tampering provision of the CAA can be decided as a matter of law by raising the issue in her motion to dismiss and asserting there that "the Court should decide [it] as a matter of law." Dkt. 138 at 10, 23. The Court carefully analyzed but ultimately rejected Coiteux's statutory construction arguments on the issue. Dkt, 151 at 6–8. It incorporates by reference its earlier conclusion that an OBD is a monitoring device for purposes of the tampering provision. Dkt. 151 at 8. That conclusion is consistent with the plain and ordinary definition of monitoring device as well as the fact that courts and Congress alike have used the term "monitor" and when describing OBDs. *See Motor Equipment & Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 453 n.3 (D.C. Cir. 1998) ("OBDs monitor, control, and record the emissions released by

automobile engines.") (citing S. Rep. No. 101-228 at 97 (1989)). The Court did not err in refusing Coiteux's attempt to send the issue to the jury after it granted her original request to decide the issue as a matter of law.

Her argument that "the Jury should have been required to find that the defendant, in order to be found guilty, had to know that the OBD was a monitoring device required to be maintained under the CAA" fails for similar reasons. Dkt. 199 at 6. It too was properly decided by the Court when it rejected Coiteux's proposed jury instruction to that effect. *See* Dkt. 169 at 5. Coiteux's argument injects a heightened mens rea in the CAA. The Supreme Court in *Bryan v. United States* explained that "unless the text of the statute dictates a different result, the term 'knowing' merely requires proof of knowledge of the facts that constitute the offense." 524 U.S. 184, 193 (1998). The tampering provision of the CAA does not demand specific knowledge that the acts were unlawful. *See* 42 U.S.C. § 7413(c)(2)(C).

The model Ninth Circuit instruction defining knowingly reflects this distinction. It provides:

> An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instruction – 4.8 (2022 Edition – Revised 09/2022). The comment for the instruction advises that "[t]he second sentence of this instruction should not be given when an element of the offense requires the government to prove that the

defendant knew that what the defendant did was unlawful." *Id*. Again, the tampering provision of the CAA levies no such requirement on the Government. Consequently, the Court reaffirms its decisions to decline Coiteux's proposed jury instruction and instead instruct the jury that "[t]he government is not required to prove that the defendant knew that his or her acts or omissions were unlawful." Dkt. 187 at 24 (Instruction 20).

**C.    Government's closing argument permissibly probed witness credibility**

Coiteux argues that portions of the Government's closing argument were improper. She asserts that "the Government essentially gave the jury a binary choice: either the Government witnesses were telling the truth, or the defendant was telling the truth, but both propositions could not be true. It suggested the jury had to pick a side and the outcome of this issue was dispositive in reaching their verdict." Dkt. 199 at 6. She focuses on the points in closing where the Government argued:

> Now the Defendant got up and testified this morning, and she told you the exact opposite of that, and I submit to you the testimony of the defendant and the two employees I just talked about is irreconcilable. They can't both be telling the truth. Either Mr. Blewitt and Mr. Akerill are lying or the defendant is lying…. One thing you might ask yourself is, what possible interest does he have to come in here and lie. Why would he come in here and …

Dkt. 199, Ex. 3 (Closing Transcript at 7–8). She also pointed to where the Government argued in rebuttal:

> …you would have to believe that everyone but the defendant lied under oath. You would have to believe that Nick Akerill lied under oath, and you would have to believe that Matt Blewett lied under oath. And say what you will about Nick Akerill, but what possible motive would Matt Blewett have to lie under oath.

*Id*., Ex. 3 at 57–58.

ORDER - 7

The Ninth Circuit recognized in *United States v. Ruiz* that prosecutors should "avoid statements to the effect that, if the defendant is innocent, government agents must be lying." 710 F.3d 1077, 1082–83 (9th Cir. 2013). But it clarified that "the prosecution must have reasonable latitude to fashion closing arguments," and "inherent in this latitude is the freedom to argue reasonable inferences based on the evidence. In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying." *Id.* (quoting *United States v. Molina,* 934 F.2d 1440, 1445 (9th Cir.1991); *see also United States v. Tucker*, 662 F.3d 524, 539 (9th Cir. 2011) (prosecutor permitted to "go so far as to label a defendant's testimony a fabrication").

The Court concludes that the Government's arguments during closing regarding witnesses' credibility were permissible. It is fundamental that witness "credibility is a matter to be decided by the jury." *United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir.1999). It follows logically in closing argument that counsel can probe into witnesses' motivations for testifying as the Government did here. And as *Ruiz* recognized, where witnesses' conflicting versions of events are irreconcilable, the Government is well within its rights to remind the jury that it is their duty to choose the testimony they believe. 710 F.3d at 1082–83. Furthermore, as the Government points out, "neither Akerill nor Blewett were government agents, so this situation does not raise the concern that the prosecutor is pitting the prestige of government agents against the defendant." Dkt. 200 at 10.

### D. There is sufficient evidence supporting the convictions

Coiteux's argues that there is insufficient evidence to support her convictions, but she confines that argument to one half of a sentence in the introduction of her motion: "We maintain there was insufficient evidence to support a conviction on any of the Counts, and there was an insufficient legal basis to bring these charges." Dkt. 199 at 1. She does not specify which elements of the crime lacked sufficient evidence nor what evidence was insufficient generally.

The Court concludes that sufficient evidence supports the jury's verdict. The jury was well within its rights to find that Akerill's testimony with corroboration from Blewett directly implicate Coiteux rather than credit her testimony. Even if the factual evidence supports conflicting inferences, the Court must presume the jury resolved any such conflicts in favor of the prosecution and defer to that resolution. *Nevils*, 598 F.3d at 1164. This case also provided plenty of non-testimonial evidence of Coiteux's involvement including her own text messages and emails as well as invoices for customers whose OBDs the business tampered with. *See, e.g.*, Dkt. 197-1 at 109–112 (text messages and emails with Coiteux referencing straight pipes and tunes); Dkt. 197-1 at 10 (sample invoice for delete and tune). In sum, the Court has no grounds to conclude that the jury's verdict lacked sufficient evidence.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Coiteux's motion for acquittal or a new trial, Dkt. 199, is **DENIED**.

1  Dated this 19th day of July, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 10